UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TAKARA MILBRY,

    Plaintiff,

v.                                                   Case No.:  6:20-cv-1427-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Takara Milbry seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.   **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

   A.   **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

   B.   **Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits and for supplemental security income benefits on April 16, 2018, alleging disability beginning December 15, 2017. (Tr. 115, 116, 270-79). The applications were denied initially on February 22, 2019, and upon reconsideration on July 25, 2019. (Tr. 115, 116, 171, 172). Plaintiff requested a hearing and on February 25, 2020, a hearing was held before Administrative Law Judge Jeffrey A. Ferguson. (Tr. 37-68). On April 17, 2020, the ALJ entered a decision finding Plaintiff not under a disability from December 15, 2017, through the date of the decision. (Tr. 10-22).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on June 9, 2020. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on August 10, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 20).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through March 31, 2021. (Tr. 13). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 15, 2017, the alleged onset date. (Tr. 13). At step two, the ALJ found that Plaintiff had the following severe impairments:

"subchondral stress fracture of the left lateral tibial plateau, fibromyalgia, tachycardia, fecal incontinence, major depressive disorder, anxiety disorder, and post-traumatic stress disorder" (Tr. 13). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 14).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except, this individual can frequently operate foot controls with her left lower extremity; can occasionally climb ramps and stairs; can never climb ladders, ropes or scaffolds; can occasionally kneel, crouch and crawl; can frequently handle and finger with her bilateral upper extremities; must avoid concentrated exposure to moving machinery and moving mechanical parts; must avoid all exposure to unprotected heights; can occasionally interact with the general public and coworkers; can maintain adequate concentration over the course of a normal eight hour workday to perform simple, routine tasks consisting of no more than detailed but uninvolved oral or written instructions; and can successfully complete the initial training and probationary period after which she can respond appropriately to infrequent changes in work setting.

(Tr. 15).

The ALJ found Plaintiff unable to perform any past relevant work as a salesclerk. (Tr. 19). At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (29 on the alleged onset date), education (at least high school education), work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 19). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1) small parts assembler, DOT 706.684-022, light, unskilled, SVP 2

(2) inspector and hand packager, DOT 559.687-074, light, unskilled SVP 2

(3) ticket marker, DOT 209.587-034, light unskilled, SVP 2

(Tr. 20). The ALJ concluded that Plaintiff had not been under a disability from December 15, 2017, through the date of the decision. (Tr. 21).

## II.   Analysis

On appeal, Plaintiff raises the following two issues: (1) whether the ALJ gave a sufficient justification for finding Dr. Rodriguez-Castro's opinion to be unpersuasive; and (2) whether the ALJ properly evaluated the medical opinion of Thomas Koehne, PA-C. (Tr. 14, 26).

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or give any specific evidentiary weight to a medical opinion. 20 C.F.R. § 416.920c(a). Instead, an ALJ assesses the

persuasiveness of a medical source's opinions in light of the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. § 404.1513(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. § 404.1513(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. 404.1513(a)(3).

### A.     Dr. Rodriguez-Castro's opinion

Plaintiff argues the ALJ did not sufficiently evaluate the opinion of Plaintiff's primary care physician, Irelis Rodriguez-Castro, M.D. (Doc. 22, p. 14). Plaintiff claims the ALJ committed two errors in reviewing this opinion: first, the ALJ erred

by focusing exclusively on objective medical evidence regarding Dr. Rodriguez-Castro's assessment of fibromyalgia; and second, the record contradicts the ALJ's assertion that Plaintiff's medical examinations were largely normal. (Doc. 22, p. 16, 17).

Dr. Rodriguez-Castro completed a Medical Opinion Form on April 22, 2019. (Tr. 1369-71). Dr. Rodriguez-Castro maintained that Plaintiff had been a patient of the practice since 2014 and she sees her every 3-4 months by appointment. (Tr. 1369). She found that Plaintiff: was able to sit 1 hour in an 8-hour day, but for zero hours at one time; was unable to stand or walk for an hour in an 8-hour day, but could stand or walk for 30 minutes at one time; could frequently lift up to 10 pounds; could occasionally do fine manipulation and writing; could infrequently do typing and grasping small objects; had a reasonable medical need to be absent from a full-time work schedule on a chronic basis with an estimate of 15 absences per month; needed approximately 6 hours of bedrest during a normal workday; and needed 3 hours of rest for every 8 hours of work. (Tr. 1369-71). Dr. Rodriguez-Castro also found Plaintiff's subjective complaints appeared reasonable; the degree of pain, fatigue or other limitations would interfere with Plaintiff attending an 8-hour day, 40 hours per week; her pain was severe, and the pain would cause lapses in concentration or memory on a regular basis for several hours per day. (Tr. 1369-71).

As to Dr. Rodriguez-Castro's opinion, the ALJ found:

> The opinion of Irelis Rodriguez-Castro MD, Orlando Family Physicians, is not persuasive (Exhibit 40F). The opinion is not supported by her own treatment notes and is also inconsistent with other medical evidence of record. For example, the claimant's treatment records consistently show normal motor strength of the upper and lower extremities, normal musculoskeletal findings, normal abdominal examinations, normal pulmonary functioning, regular heart rate and rhythm, no murmurs, and normal cardiology test results (Exhibit 40F at 4, 8, 11; 18F at 15; 23F; 38F at 2).

(Tr. 19).

After review of the records cited by the ALJ, the Court finds that these records do not support the ALJ's conclusion that they "consistently show" normal musculoskeletal findings, normal abdominal examinations, and normal pulmonary functioning. In doing so, the Court is not reweighing the evidence, but determining whether the ALJ's statements are supported by substantial evidence.

Dr. Rodriguez-Castro's treatment notes included—at times—in the review of symptoms, findings of pain in the musculoskeletal joints as well as weakness. (Tr. 1025, 1026, 1028, 1035, 1041). In addition, these records show Dr. Rodriguez-Castro treated Plaintiff for fibromyalgia with medications, such as Tramadol and Gabapentin. (Tr. 1024, 1028, 1389, 1391, 1396, 1404, 1406). Fibromyalgia is "characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissue that has persisted for at least 3 months. SSR 12-2p, 2012 WL 3104869, *2 (July 25, 2012). The Eleventh Circuit has recognized that fibromyalgia is a unique impairment because it "'often lacks medical or laboratory signs and is

generally diagnosed mostly on a[n] individual's described symptoms.'" *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863 (11th Cir. 2017) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "Because the 'hallmark' of fibromyalgia is a 'lack of objective evidence,' a claimant's subjective complaints may be the only means of determining the severity of the claimant's condition and the functional limitations she experiences." *Id.* (citing *Moore*, 405 F.3d at 1211). While some of the findings on examination may have been generally normal, Plaintiff had subjective complaints of pain and weakness and Dr. Rodriguez-Castro treated her for these subjective complaints. Plaintiff also suffered from polyarthralgia, chronic pain disorder, neck pain, and low back pain. (Tr. 1028, 1030, 1032, 1034, 1389, 1391, 1396). Dr. Rodriguez-Castro cited to Plaintiff's fibromyalgia and chronic pain disorder as well as other diagnoses in support of the limitations in the Medical Opinion Form. (Tr. 1369).

While the ALJ cited consultative examiner Sam Ranganathan, M.D.'s opinion to find Dr. Rodriguez-Castro's opinion unpersuasive, Dr. Ranganathan found tenderness in the abdominal area, specifically in the epigastric region and right lower quadrant, which contradicts the ALJ's determination of "normal abdominal examinations." (Tr. 1334). And even though Dr. Rodriguez-Castro's treatment notes indicated that Plaintiff's lungs were clear, she also noted that Plaintiff was oxygen dependent and assessed her with shortness of breath. (Tr. 1024, 1028, 1389, 1391,

1396, 1406). Dr. Ranganathan also noted that Plaintiff was on oxygen all the time and one of his final impressions was oxygen dependence. (Tr. 1334).

In considering the record as a whole, the Court finds the reasons the ALJ determined Dr. Rodriguez-Castro's medical opinion unpersuasive are not supported by substantial evidence. Although Plaintiff had some normal findings, the findings were not "consistently" normal. Thus, the Court finds the ALJ's decision finding Dr. Rodriguez-Castro's medical opinion unpersuasive is not supported by substantial evidence.

### B.  Certified Physician Assistant Thomas Koehne PA-C's opinion

Plaintiff argues that the ALJ erred in not evaluating Thomas Koehne, PA-C's medical opinion. (Doc. 22, p. 26). The Commissioner contends that Mr. Koehne's neurosurgery evaluation is not a medical opinion under the new regulations. (Doc. 22, p. 27-28).

Plaintiff saw Mr. Koehne for a Neurosurgery Initial Evaluation on May 4, 2019. (Doc. 22, p. 26; Tr. 753). After the evaluation, Mr. Koehne's recommendations included: "patient may continue to work as tolerated at light duty with no lifting greater than 15 lbs., no overhead work, no prolonged, sitting, standing or twisting." (Tr. 755).

Under the new regulations, a medical opinion is a statement about what a claimant can do despite her impairments and whether she has one or more

impairment-related limitations or restrictions. 20 C.F.R. § 404.1513(a)(2). Mr. Koehne's medical opinion included impairment-related limitations and restrictions of lifting no more than 15lbs.,[1] no overhead work, no prolonged sitting, standing or twisting. (Tr. 755). Even though the ALJ mentioned Mr. Koehne's findings concerning range of motion of the lumbar and cervical spine, he did not evaluate the persuasiveness of Mr. Koehne's medical opinion nor did he include the limitations found by Mr. Koehne in the RFC. (Tr. 16-17, 753-55). The ALJ failed to explain why he did not adopt Mr. Koehne's impairment-related limitations. Because the Court is remanding this case for further evaluation of the medical opinions, upon remand, the Commissioner is directed to evaluate Mr. Koehne's opinion.

### III. Conclusion

The decision of the Commissioner is **REVERSED,** and this action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the medical opinions of Dr. Rodriguez-Castro and Mr. Koehne, PA-C, in conjunction with the other evidence of record. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and thereafter close the file.

---

[1] The ALJ limited Plaintiff to light work. (Tr. 15). The definition of light work includes lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§ 404.1567(b), 416.967(b).

**DONE** and **ORDERED** in Fort Myers, Florida on September 22, 2021.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties